(A.R.D. 204)

UNITED STATES *v*. GEHRIG, HOBAN & CO., INC.

Entry No. 910392.

Third Division, Appellate Term

(Decided March 22, 1966)

*John W. Douglas,* Assistant Attorney General (*Richard J. Kaplan* and *Glenn E. Harris,* trial attorneys), for the appellant.

*Busby & Rivkin* (*Saul L. Sherman* and *David Busby* of counsel) for the appellee.

Before DONLON and RICHARDSON, Judges; RICHARDSON, J., concurring

DONLON, Judge: This case comes before us on appeal of the Government from the decision of the trial judge in reappraisement. *Gehrig, Hoban & Co., Inc.* v. *United States,* 54 Cust. Ct. 538, Reap. Dec. 10909. Appellant's allegations of error present for our decision two principal issues, both of which have to do with the rules of evidence applicable to the case. The first issue is whether the trial judge erred in excluding from evidence certain reports, called customs agent reports, offered by appellant (defendant below). The second issue is whether the trial judge erred in finding that this appraisement is such as entitles appellee (plaintiff below), in presenting its proofs, to rely on the so-called separability rule. There are some other issues, discussed in this opinion.

In order to settle the record on which final appraisement decision is made, we first take up appellant's allegation that the trial judge erred in excluding from evidence certain so-called customs agent reports.

Defendant tendered a considerable volume of documentary evidence, 16 exhibits in all. Plaintiff either did not object, or subsequently withdrew objection, to certain of these exhibits. There are in evidence defendant's exhibits marked B, D, F, K, L, M, N, O, and P. Plaintiff below objected to the other seven tendered documents, which are exhibits marked for identification (but not in evidence) as A, C, E, G, H, I, and J. The trial judge excluded them. They are the documents as to which appellant alleges error by virtue of such exclusion.

The official papers show that the merchandise here in issue was imported from Switzerland in January 1961; that on January 26, 1961, plaintiff requested notice of appraisement; that under date of September 18, 1961, such notice was given; and that the appeal to re-

appraisement, now before us on the Government's application for review, was filed September 19, 1961. We recite these dates inasmuch as they have, or may have, some bearing on admissibility of the so-called customs agent reports.

The excluded documents all bear dates in 1962. The earliest is dated August 10, 1962, nearly 11 months subsequent to appraisement. Almost without exception, the excluded reports which defendant offered into evidence refer to investigations as being made on request of the Assistant Attorney General, Civil Division, New York, who had asked that inquiry be conducted, and who outlined the information that *he* required. What he required, or at least what he received by way of the reports on the investigations he requested, is the sort of information which a careful trial lawyer would seek to obtain, in order to prepare his case for trial. On the basis of such pre-trial investigations, trial counsel would presumably expect to line up his proofs in preparation for trial.

It is doubtless unnecessary to observe that a pre-trial memorandum, furnished by investigators to counsel, is not usually admissible as evidence. The mere idea that such memoranda are evidence, is repugnant to the usual rules of evidence.

Appellant argues that section 2633 of the Judicial Code (28 U.S.C.) *requires* that this court shall admit all such memoranda into evidence when they are in the form of investigative reports, made by agents of the Customs Bureau for the benefit of Government counsel in preparing for trial, unless, and this counsel argues as the only limitation on admissibility, the reports are shown to be immaterial or irrelevant.

So far as our scrutiny discloses, this argument as to the scope of section 2633 has not previously been passed on judicially. Such an extension of the rules of evidence calls for careful examination of the statutory language on which, alone, appellant relies in advancing its argument. Except as expressly modified by Congress or by court rule, the Federal rules of evidence are the rules of this court.

These reports are hearsay. Has the rule excluding hearsay evidence been so modified as to require the court to receive them into evidence?

Section 2633, *supra*, provides with respect to evidence as to value, upon reappraisement, as follows:

In finding the value of merchandise, in reappraisement proceedings before a single judge of the Customs Court, affidavits and depositions of persons whose attendance cannot reasonably be had, price lists and catalogues, reports or depositions of consuls, *customs agents*, collectors, appraisers, assistant appraisers, examiners, and other officers of the Government *may be admitted in evidence.* Copies of official documents, when certified by an official duly authorized by the Secretary of the Treasury, may be admitted in evidence with the same force and effect as original documents. [Emphasis added.]

Section 2634, Judiciary Code, which immediately follows section 2633, provides as follows:

(a) In *any proceeding* in the Customs Court, under rules prescribed by such court, the parties and their attorneys shall have an opportunity to introduce evidence, to hear and cross-examine the witnesses of the other party and to inspect all samples and all papers admitted or offered as evidence, except as provided in subsection (b) of this section. [Emphasis added.]

The exception provided in subsection (b), above mentioned, is a limited restriction, in the discretion of the court, on the right of inspection in proceedings had under section 516 of the Tariff Act of 1930. Section 516 has to do with so-called American manufacturer cases. This is not such a case. Hence, we need not here consider subsection (b).

There is no rule of this court which enlarges appellant's rights, under section 2633, with respect to the tendered documents. Section 2633 is controlling.

The conjunction of sections 2633 and 2634, in the statute, satisfies us that Congress intended that each party to a reappraisement appeal to this court should have the opportunity to hear and cross-examine the witnesses of the other party, save only as Congress had expressly limited such opportunity in section 2633 (or in subsection (b) of section 2634). There is manifested, in section 2634, Congressional concern that the established rules of evidence, developed over a long period of years in order to safeguard the rights of litigants and to insure the quality of evidence on which judicial decisions are made, should be preserved except only as Congress, in specified respects, deemed it advisable or wise to limit application of those established rules of evidence.

Appellant's argument for admissibility is two-pronged: these tendered exhibits are such customs agent reports as Congress intended in section 2633; and the expression *"may* be admitted into evidence" should be read as *"shall* be admitted into evidence, the court having no discretion to exclude save on grounds of immateriality or irrelevancy." We take up first the first argument.

In response to questions from the bench on review argument, appellant's counsel contended that he could *compel* acceptance by this court into evidence of what he called a report of a customs agent, even though such report was made as late as the day before trial, provided only that the statements therein were found by the court to be material and relevant. That, so he argued, is the sole area of discretion left by Congress to the court. At his own request appellant's counsel was given opportunity of retracting this extreme position, if on reflec-

tion he deemed retraction advisable. He has not done so. We review this allegation of error in the terms of counsel's argument.

What did Congress intend by the expression "reports of * * * customs agents," as found in section 2633 of the Judiciary law? We find nothing that suggests an intention on the part of Congress to establish some meaning for a customs agent report different from the sense in which the term was then used, and still is used, in the Bureau of Customs and by the Secretary of the Treasury.

Section 6 (19 U.S.C.) gives broad powers to the Secretary of the Treasury "to appoint and fix the compensation of such number of Treasury attachés for duty in foreign countries and of *customs agents*, as he may deem necessary, all of whom shall perform their duties *as defined by existing law or prescribed by the Secretary of the Treasury*, under the immediate supervision of the director, special agency service of the customs: * * *." [Emphasis added.]

Pursuant to this statutory authority, the Secretary of the Treasury has prescribed duties which are set forth in the Customs Manual, which has the force of regulations.

Section 27.38 (Customs Manual) defines the duties of what is called the Customs Agency Service. These include the function to:

(3) Conduct factfinding investigations to develop information *for* other branches of *the Bureau of Customs to use in reaching decisions within their assigned spheres of responsibility*. [Emphasis added.]

Section 14.3 of the manual provides for reports to the Customs Information Exchange, but the excluded documents give no indication that they are reports to C.I.E. Indeed, they are addressed to the Division of Investigations and Enforcement and state that they are made on request of the Department of Justice, which then had before it the preparation of a defense on trial of this litigation.

While there are some other duties which customs agents may perform on special assignment, the context in which "customs agents reports" appears in section 2633, together with its near proximity to section 2634, persuades us that the reports which Congress intended to make admissible in evidence without confrontation of the agent for examination and cross-examination in the presence of the court, are those reports, made in regular course of work, to assist the collector and the appraiser or other branches of the Customs Bureau, in making their official administrative decisions "within their assigned spheres of responsibility." Once those official administrative decisions have been made and controversy as to appraisement, or as to liquidation, has become litigation that is pending in the courts, reports on an investigation made in aid, not of official decision, but of preparing the case for trial, are not the customs agents reports which Congress contemplated in section 2633. They serve no administrative purpose,

nor do they aid officials of the Treasury in making decisions within their assigned spheres of responsibility. Once those decisions have become the subject of litigation pending in court, the matter has gone beyond the reach of administrative decision. No report then made can aid in any official decision of any one in the Customs Bureau.

Reports of customs agents have, at best, a limited probative value, even when made in regular course in aid of official administrative decisions. What weight is to be given to facts therein recited is for the trial judge to determine as trier both of facts and of law.

That the excluded documents are hearsay, no one doubts. No citation of authority is necessary to establish that they are hearsay, or that plaintiff below had the right to have the reports excluded as hearsay, on timely objection, unless they are such customs agent reports as those for which Congress has made specific and limited statutory exception to the hearsay rule.

The Government is not deprived of trial advantage by a construction limiting the customs agent reports, admissible into evidence, to the reports provided for in the regulations and instructions of the official Customs Manual. Like other parties in reappraisement trials, the Government may introduce into evidence "affidavits and depositions of persons whose attendance cannot reasonably be had . . . ."

For reasons here stated, I find that the excluded documents are *not* such reports. I find that they are not excepted from the hearsay rule. I find that the trial judge did not err in excluding the reports from evidence.

Appellant's argument that asserts limitations on judicial discretion goes to an even more important and far-reaching issue. It is an issue I would reserve for another case, where it is necessary to decide that issue. It suffices here to say that one should not easily read into the permissive verb "may," which Congress uses in section 2633, the mandatory verb "shall." Appellant cites no precedents that are authority for such a construction.

We next take up appellant's argument that appellee (plaintiff below) is not entitled to rely on a presumption that the collector correctly found each component of export value, such as usual wholesale quantity, which appellee does not controvert. Plaintiff below accepted all of the appraiser's findings in making the appraisement, except his failure to allow a discount of 15 percent off price as freely offered to one or more selected purchasers, and limited its offering of proofs to that item.

The trial judge found that the proofs sufficed to meet plaintiff's burden of proof. Appellant argues that they are not sufficient, on the ground that appellee (plaintiff below) was not in a position to invoke the separability rule.

There is no controversy as to the basis for appraisement. Appraisement was on export value. That is the basis of appraisement which the importer claims. The statements of the parties, filed under rule 15, so state. It was conceded that the merchandise is not included in the so-called Final List, and hence that it is to be appraised according to the definition of export value in section 402(b) of the Tariff Act of 1930, as amended by the Customs Simplification Act of 1956.

Plaintiff below addressed its proofs to the so-called agent's commission, or discount, in the amount of $2,496.45. The trial judge found, on the evidence adduced of record, that this item was, in fact, a discount of 15 percent off list price which the manufacturer freely allowed to its exclusive United States distributors, including the importer of this merchandise; that these distributors are such selected purchasers as section 402(f) intends; that it was not an agent's commission; and that price less discount fairly reflects market value. Accordingly, the trial judge held that the export value of the merchandise "is the appraised value, less the sum of $2,496.45, representing the 15 per centum discount."

We see no error in his findings that the importer was a purchaser and not an agent, and that the item of 15 percent is, in fact, a discount from price and not an agent's commission. As Judge Ford said, the proofs evidence the relationship of seller and buyer. We do not here recite those proofs, which are fully discussed in the opinion below. The record supports a sale made in the ordinary course of trade to a selected purchaser at wholesale, at a price fairly reflecting market value.

What appellant argues is that this is not a situation in which a plaintiff may rely on the presumptions of the separability rule; that, in consequence, plaintiff below was under the necessity of proving each and every component of statutory export value.

The merchandise in issue consists of one machine, with accessories and tools, ordered by plaintiff from Charmilles Eng. Works, Ltd., Geneva, Switzerland. The *commercial invoice* shows a price of $16,643 and states: "This price is FOB New York, duty paid, your discount of 15% included." Fifteen percent of $16,643 is $2,496.45, the sum in dispute.

However, in a *special customs invoice*, as distinguished from the commercial invoice, the item of 15 percent, or $2,496.45, is enumerated as an agent's commission. It is there recited that price is 39,202 Swiss francs, or $16,643, f.o.b. New York, duty paid, with details enumerated as to certain charges included in price, but which are not similarly recited in the commercial invoice. These charges are as follows:

| | |
|---|---|
| Packing | $235. |
| Freight | 225. |
| Insurance | 61. |

| Custom expenses | $50. |
| Custom duties | 2,173.55 |
| Agent's commission | 2,496.45 |

By notations on the customs invoice, the importer identified its claim that freight, insurance, custom expenses, and custom duties, aggregating together the sum of $2,509.55, are non-dutiable charges to be deducted in valuing the merchandise on the basis of its export value. Packing, and what was there called the agent's commission of $2,496.-45, were identified as dutiable charges; *ergo*, not deductible.

As earlier noted, the importer requested notice of appraisement. This request stated that the reason for such request was that "Agent's commission or discount is not properly a part of dutiable export value."

Appraisement, as shown by the appraiser's red ink notations, was at $16,683 (including an adjustment of $40 to correct an alleged clerical error, a minor item as to which there appears to be no record before us), *less* the enumerated non-dutiable charges of $2,509.55, resulting in appraisement at an export value of $14,173.45.

All this simmers down to a consideration of whether plaintiff below (and the court) could accept, on the facts obtaining here, the appraisement findings which are not in dispute, and confine proofs on trial to the single item that was in dispute. The frequent attacks of the Government, in several recent cases, on the so-called separability rule, call for some historical perspective.

Importers have, at best, a heavy burden of proof in litigating their grievances that arise out of the valuation of merchandise at sums which they claim are excessive. That the plaintiff has the burden, in reappraisement, of establishing by competent proofs each and every *disputed* element of value, but does not need to prove that which is not disputed, is the essence of the separability rule. It is a judicially contrived rule designed, and quite properly, to narrow trial time and effort, and judicial decision, to the litigated issues.

The separability rule is so well established that citation of authorities seems unnecessary.

It does not appear that appellant is here attacking the rule, as such. What appellant asserts seems to be that particular issues, in reappraisement, may be deemed non-controverted only by concession of the Government or stipulation of the parties. In essence, this argument proceeds on the theory that appraisement is made at a finalized figure and no one—not even the court—may know how that final figure was arrived at, unless the Government condescends to admit how it acted and the route which it traveled.

Of course, this is precisely what the appraiser did here. He has told us what he did. As the official papers sufficiently show, he started with the invoice price of $16,643, added $40 to correct a clerical error,

allowed as a deduction all customs invoice charges identified as non-dutiable, and declined to allow as deductions from price two items identified on the customs invoice as dutiable, namely, packing charges of $235 and the so-called agent's commission of 15 percent or $2,496.45.

Appellee early made known the limited area of its reappraisement controversy. The commercial invoice, filed with the entry papers, showed the item of $2,496.45 as a discount from price, not as an agent's commission. The request for notice of appraisement (N.Y. form 4301; 540) gave as the reason for the request: "Reason: Agent's commission or discount is not properly a part of dutiable export value."

In its original statement filed pursuant to rule 15(d), plaintiff below inadvertently failed to reflect, in the value figure claimed, the non-dutiable charges which the appraiser had allowed in computing export value. (This inadvertence was rectified.) Plaintiff's claim that such value should be "less a so-called 'agent's commission' of $2,496.45" is, however, clearly specified in the rule 15(d) statement.

Neither the appraiser nor the collector could have failed to understand what the dispute was, and their knowledge is that of the defendant below.

While concession by the Government as to what is in dispute makes more tolerable the burdens of plaintiffs and of the court, neither a plaintiff nor the court is so completely at the mercy of obduracy as appellant seems to think. Failing concession that identifies the issues, facts as to what items of value are in dispute may be proved.

The official papers relating to this machine are in evidence. They sufficiently show that the disputed item is $2,496.45, identified on the customs invoice as a dutiable item and, as such, not deducted by the appraiser. His familiar red ink checks conform his findings to the identification on the customs invoice.

Appellant further argues that the separability rule is limited to cases where, an ex-factory price having been found by the appraiser, he then added to the ex-factory price the item or items that were in dispute. Typical are the cases involving inland freight charges and buying commissions.

A separate unit price for appraised merchandise must be shown, and the item in dispute must be one clearly identifiable as having been considered by the appraiser and as affecting dutiable value. It is a truism that export value is defined as the *price* at which such or similar merchandise is freely offered, and a price must be shown.

Here price is shown. The issue, quite simply, is whether that price was subject to a discount that was freely offered to selected purchasers. The trial judge accepted, as plaintiff below did, the price as found by the appraiser; but he found, also, that such price was subject to a discount of 15 percent freely offered to selected purchasers at wholesale, the net price reflecting market value. We agree.

This was not the situation in *Valley Knitting Co., Inc.* v. *United States*, 44 Cust. Ct. 599, Reap. Dec. 9627, on which appellant relies.

The defect in proof there was summarized in Judge Rao's opinion, as follows:

For the reasons, *inter alia*, that several different manufacturers served as suppliers; that shipments from them were not necessarily received by the agent at the same time; that freight charges from each manufacturer's place of business could not possibly be identical, it may not be assumed that the export charges for the total number of units shipped are equally apportionable to the separate units comprising each shipment. [P. 604; emphasis copied.]

Here there is one supplier. There is no question of apportionment of charges to different shipments. Here the court could, and did, accept the appraisement value as correctly reflecting all elements of value, save that it erroneously failed to allow a freely offered discount off price.

We limit our decision, as did the court below, to the case before us. Where the sole disputed item is the failure of the appraiser to allow a discount, as the facts here show, then plaintiff is entitled to rely on the appraiser's other findings and adduce proofs that the disputed discount off price was freely offered to selected customers within the terms of the statute.

We would not relieve plaintiffs in reappraisement of any of their rightful burden of proof. We recognize this burden. However, we recognize also that Congress intended to ease somewhat those burdens through simplified procedures for valuing merchandise, when it enacted the Customs Simplification Act of 1956 under which this case arises.

We have noted all citations by counsel both in their briefs and on oral argument. We find that the record supports the findings of fact of the trial judge and that his conclusions of law are sound. These findings and conclusions we incorporate by reference.

Judgment will be entered accordingly.

### CONCURRING OPINION

RICHARDSON, Judge: I concur in affirming the decision of the trial judge in this case. However, I do not agree with my colleague that the customs agents' reports referred to in section 2633 of 28 U.S.C.A. are only those reports, made in the regular course of work, to assist the collector and appraiser or other branches of the Bureau, in making their official administrative decisions prior to the institution of litigation. The language in the statute is much broader than this and would permit the receipt into evidence of a customs agent's report made not only to aid in reaching an official decision prior to

litigation, but would also permit the receipt into evidence of a report made after litigation has begun in support of such an official decision. The trial court judge did not base his exclusion of customs agents' reports upon the restricted interpretation in my colleague's opinion, but exercised the discretion permitted him under section 2633 and excluded them since the reports were those of agents in this country, and there was no showing that their attendance could not reasonably be had so that plaintiff's counsel might have the opportunity to cross-examine them. I am in accord with this ruling of the trial court judge.