**C. H. POWELL CO., Inc.**

v.

**UNITED STATES.**

**R.D. 11638; Reappraisement No. R65/8300.**

United States Customs Court.

March 18, 1969.

Allerton deC. Tompkins, New York City, for plaintiff.

William D. Ruckelshaus, Asst. Atty. Gen. (Bernard J. Babb, New York City, trial attorney), for defendant.

MALETZ, Judge:

This reappraisement appeal involves importations of key chains from Hong Kong. The importations were appraised on the basis of export value as defined in section 402(b) of the Tariff Act of 1930, as amended (19 U.S.C. (1964 ed.) § 1401a(b)), and the values found by the government appraiser were $2.00 per gross for the merchandise designated as article No. 70, and $1.93 per gross for the merchandise designated as article No. 80. Plaintiff does not dispute that export value is the correct basis of appraisement but claims that the proper values should be $1.70 per gross and $1.-63 per gross, respectively.

At trial, defendant offered in evidence a customs agent's report setting out the results of an investigation in Hong Kong—which report was prepared after the trial had started. Plaintiff objected to the report's receipt in evidence, and the court reserved decision on the objection pending the submission of memoranda by the parties. Plaintiff in its memorandum—while agreeing that 28 U.S.C. § 2633 provides a statutory exception to the hearsay rule for reports of customs agents in reappraisement proceedings—argued that the court should, in the exercise of its discretion, exclude the report. The court overruled the objection and by order dated January 16, 1969, received the report in evidence as defendant's exhibit B "subject to plaintiff's right to present evidence in rebuttal concerning any or all of the matters covered in such exhibit."

Plaintiff now moves to have this order vacated and its objection sustained. It now asserts that the matter is governed by United States v. Gehrig, Hoban & Co., 56 Cust.Ct. 782, A.R.D. 204 (1966). According to plaintiff, an appellate term of this court (among other things) held in that case, with one dissent on the point, that 28 U.S.C. § 2633 does not provide an exception to the hearsay rule for customs agent reports made after an appraisement has been completed. Plaintiff further asserts that the decision of the appellate term was affirmed in United States v. Gehrig, Hoban & Co., 54 CCPA 129, C.A.D. 924 (1967), and hence insists that exhibit B is not admissible in evidence.

In view of this argument, I consider now 28 U.S.C. § 2633 and the *Gehrig, Hoban* litigation. § 2633 provides in part:

In finding the value of merchandise, in reappraisement proceedings before

a single judge of the Customs Court, affidavits and depositions of persons whose attendance cannot reasonably be had, price lists and catalogues, *reports* or depositions *of* consuls, *customs agents*, collectors, appraisers, assistant appraisers, examiners, and other officers of the Government may be admitted in evidence. * * * [Emphasis added.]

Against the background of this statute, *Gehrig, Hoban* involved a question as to the admissibility in a reappraisement proceeding of certain customs agent reports representing interviews with various persons throughout the United States which were prepared after the litigation had started. The trial judge sustained an objection to the admission of these reports on the grounds (i) that their admissibility was entirely discretionary with the court; (ii) that the witnesses were all in the United States; (iii) that this court regularly holds hearings throughout the United States; and (iv) that in such circumstances, justice would be better served by permitting cross-examination of the witnesses rather than by receiving in evidence their hearsay statements, as contained in the customs agent reports. Gehrig, Hoban & Co. v. United States, 54 Cust.Ct. 538, 543–544, R.D. 10909 (1965).

An appellate term of this court consisting of Judges Donlon and Richardson affirmed the trial judge's order excluding the agent's reports—but each for different reasons. Judge Donlon concluded that the customs agent reports referred to in § 2633 covered only "those reports, made in regular course of work, to assist the collector and the appraiser or other branches of the Customs Bureau, in making their official administrative decisions 'within their assigned spheres of responsibility.'" United States v. Gehrig, Hoban & Co., *supra*, 56 Cust.Ct. at 786. Since the reports in issue were prepared after litigation had been commenced, the conclusion of Judge Donlon was that they were not covered by § 2633 and were thus inadmissible as hearsay. Judge Richardson concurred in affirming the trial court's exercise of discretion in excluding the reports, but disagreed with Judge Donlon as to the scope of § 2633. In his view, that section permitted the receipt in evidence of a customs agent's report "made not only to aid in reaching an official decision prior to litigation, but would also permit the receipt into evidence of a report made after litigation has begun in support of such an official decision." *Id.* at 791–92.

On appeal by the government, the court of appeals agreed that § 2633 allowed the trial judge discretion with respect to the admissibility of customs agent reports and held that the judge had not abused his discretion in excluding them from evidence. More important—so far as the present case is concerned—the court (in effect) adopted the position of Judge Richardson as to the scope of § 2633. For it stated: "Certain aspects of section 2633 are clear from inspection. *The language does not distinguish between different types of reports of customs agents.*" United States v. Gehrig, Hoban & Co., *supra*, 54 CCPA at 133. [Emphasis added.]

I conclude, in summary, that the statutory exception to the hearsay rule provided by § 2633 is not limited to customs agent reports made prior to litigation to aid customs officers in making an official decision; the exception is also applicable to an agent's report (as here) which is prepared after litigation has started in support of an official decision previously made.

It is therefore ordered that plaintiff's motion to vacate the order admitting exhibit B into evidence be and the same hereby is denied.